David K. Broadbent, #0442
Doyle S. Byers, #11440
Cory A. Talbot, #11477
Nathan Archibald, #14855
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for Plaintiffs and Consol. Defendants
Gil A. Miller as Court-Appointed Receiver,
David A. Bateman and Rocky Mountain
Advisory LLC, in their capacities as
Court-Appointed Professionals*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GIL MILLER, not individually, but in his capacity as Court-appointed receiver; DAVID N. BATEMAN, not individually, but in his capacity as Court-appointed professional; ROCKY MOUNTAIN ADVISORY, LLC, a Utah limited liability company, not individually, but in its capacity as Court-appointed professional,<br><br>        Plaintiffs (Consol. Defendants),<br><br>vs.<br><br>WENDELL JACOBSON and ALLEN JACOBSON,<br><br>        Defendants (Consol. Plaintiffs). | **OPPOSITION TO MOTION TO STAY DISCOVERY**<br><br>**Case No. 2:19-CV-00956-BSJ**<br><br>**(Member Case No. 2:20-cv-00013-BSJ)**<br><br>*Hearing Requested*<br><br>**Judge Bruce S. Jenkins** |

## INTRODUCTION

A stay of discovery is an extraordinary remedy and there are insufficient grounds to grant the Jacobsons' request here. First, the primary basis of the motion to stay, the Fifth Amendment privilege, does not attach to the corporate information at stake – nor can the Jacobsons assert the corporation's privilege. Additionally, the Jacobsons have waived the privilege. Further, they cannot use this privilege as an offensive sword in this litigation. In any event, the Court has already ordered that discovery be answered and in so doing, has put protections in place which should put to rest any Fifth Amendment concerns. Second, the Jacobsons seek a discovery stay because they want the Court to first decide pending motion. Their request ignores the relevant procedural posture of these consolidated matters, and the fact that discovery does not wait on such motion practice. This Court should deny the Jacobsons' request for a stay consistent with its prior orders on discovery.

## FACTUAL BACKGROUND

### I.  Procedural Background.

This is a consolidated matter.[1] In the Member Action, the Jacobsons allege that Plaintiffs misused "Confidential Information" relating to Management Solutions Receivership Inc., ("MSI") and *Securities and Exchange Commission v. Management Solutions Inc.*, No. 2:11-cv-01165-BSJ (the "Receivership Action"). (*See* ECF No. 10 Ex. A (the "Jacobsons' Complaint").)

---

[1] The "Initial Action," Case No. 2:19-CV-00956-BSJ, was filed by Plaintiffs on December 4, 2019. (See ECF No. 2 ("Plaintiffs' Complaint").) The "Member Action" was filed by the Jacobsons a week later, on December 11, 2019, in Utah state court (Case No. 190909606). The Member Action was then removed to this Court (Case No. 2:20-cv-0013-HCN-PMW) and ultimately consolidated with the Initial Action on February 28, 2020. (*See* ECF No. 25.)

The Jacobsons allege that the Confidential Information was conveyed to Plaintiffs pursuant to a September 30, 2011 letter agreement (the "RQN Agreement") among RMA, MSI, and the law firm Ray Quinney & Nebeker ("RQN"). (*See id.* ¶¶ 11-15 & 72-73.) The Initial Action seeks an injunction against the Jacobsons with respect to any filing of the Member Action in state court; a declaration that the relief sought in the Member Action violates this Court's continuing and exclusive jurisdiction; and an order of contempt against the Jacobsons for contravening orders and judgments entered in the Receivership Action were they to file the Member Action. (*See, generally,* ECF No. 2.)

II. **The Jacobsons' persistent disregard of the Court's Orders regarding expedited discovery and failure to answer the Discovery Requests.**

On December 12, 2019, at a hearing in the Initial Action, Plaintiffs requested, and the Court ordered, expedited discovery. (*See* Hrg. Transcript, ECF No. 46, Ex. 1 at 42:19-44: 25, 46:5-14.) On January 22, 2020, Plaintiffs served discovery requests on the Jacobsons in the Initial Matter (the "Discovery Requests") (*see* ECF No. 46, Ex. 2). The Discovery Requests are narrowly tailored primarily asking the Jacobsons to identify the alleged Confidential Information that Jacobsons assert Plaintiffs have wrongfully disclosed (*see id.*), a line of inquiry also advanced by the Court at the December 12 hearing (*see* ECF No. 46,Ex. 1 at 24:2-25). The Jacobsons did not respond to the Discovery Requests; rather, on February 21, 2020 (the day their responses were due), at a hearing regarding the consolidation of the Initial and Member Actions, the Jacobsons' counsel asserted that expedited discovery was improper. The Court requested the parties brief the issue. Accordingly, on March 3, 2020, Plaintiffs filed their brief in support of continuing expedited discovery. (ECF No. 34 (the "Discovery Motion").) The Discovery Motion additionally requested that the Jacobsons be ordered to respond to the Discovery Requests as a

3

matter of urgency. The Jacobsons did not respond to the Discovery Motion. On April 7, 2020, the Court entered a further order, again approving expedited discovery and ordering that the Jacobsons answer the Discovery Requests within twenty (20) days. (ECF No. 43.) The Jacobsons did not answer the Discovery Requests. Instead, on April 27, 2020, the Jacobsons served on Plaintiffs a series of "Discovery Objections." Following their Discovery Objections, the Jacobsons filed their Motion for Stay of Discovery. (*See* ECF No. 45.)

## ARGUMENT

**I.     This Court has already held that the Jacobsons must submit to discovery.**

The Jacobsons' motion to stay ignores that this Court has already twice ordered the Jacobsons to submit to expedited discovery. (*See* ECF No. 46, Ex. 1 at 42:19-44: 25; ECF No. 43.) This Court was well within its authority to do so, having "broad discretion over the control of discovery." *Grayeyes v. Cox*, 2018 WL 3421340, at *1 (D. Utah July 13, 2018). With that in mind, it strains all credibility for the Jacobsons to argue that discovery is somehow premature or procedurally improper and that a stay is warranted. This Court has already held the opposite.

**II.    The primary basis of the Motion for Stay, the Fifth Amendment Privilege, does not apply here.**

    A.     <u>The Fifth Amendment does not apply to the corporate records that form the basis of the Jacobsons' action</u>.

The records that form the basis of the Jacobsons' action, and which are subject to discovery, were (if at all) conveyed under the RQN Agreement <u>by MSI</u>. (*See* Jacobsons' Complaint ¶¶ 11-15 & 72-73.) It is well-settled that "[t]he privilege against self-incrimination does not extend to corporations." *Oak Valley Investments, L.P. v. Southwick*, No. 2:06-CV-

00737-DB, 2007 WL 2684532, at *1 (D. Utah Sept. 7, 2007).² There is no Fifth Amendment privilege with respect to that source information. Further, the Jacobsons cannot assert a privilege on behalf of MSI.³ To the extent the Jacobsons individually conveyed information to Plaintiffs, it was as a "corporate custodian" – as demonstrated by the execution of the RQN Agreement by Wendell Jacobson as "President" of MSI (*see* Mot. Ex. 1) – who hold corporate or entity records "in a representative rather than a personal capacity." *AIG Life Ins. Co. v. Phillips*, 2007 WL 2116383, at *3 (D. Colo. July 20, 2007). As corporate custodians, the Jacobsons may not raise a Fifth Amendment right with respect to corporate documents regardless of whether discovery is addressed to the corporation or to them individually. Furthermore, as a consequence of the orders entered in the Receivership Action, any privilege or rights with respect to MSI's confidential information belong solely and exclusively to the Receiver.⁴ As custodians of corporate records the Jacobsons "cannot refuse on Fifth Amendment grounds to produce corporate records . . . even if the contents would personally incriminate the custodian." 98 C.J.S. Witnesses § 607.

  B. <u>The Fifth Amendment cannot be used as a sword in civil litigation</u>.

  The Jacobsons ignore also that, although the Fifth Amendment is a right that can be exercised by a civil *defendant*, "a civil plaintiff has no absolute right to both his silence and his

---

² Put another way, the "voluntarily-prepared business records" of a corporate entity "do not come within the scope of the Fifth Amendment privilege." *U.S., I.R.S. v. Natco Petroleum, Inc., 166 F.3d 1222* (10th Cir. 1999), *citing Braswell v. United States*, 487 U.S. 99, 102 (1988).

³ *Braswell*, 487 U.S. at 110 ("Any claim of Fifth Amendment privilege asserted by the [Jacobsons] would be tantamount to a claim of privilege by the corporation [MSI] —which of course possesses no such privilege").

⁴ Nor can the Jacobsons assert that "non-MSI" information was conveyed to Plaintiffs – because the whole basis of their case is that the information was conveyed pursuant to the RQN Agreement. (*See* Jacobsons' Complaint ¶¶ 11-15 & 72-73.)

lawsuit." *Lapka v. Cairns*, 1992 WL 193652, at *2 (D. Kan. Aug. 6, 1992). This Court should not permit the Jacobsons to "retreat under the cloak of the Fifth Amendment to gain an unequal advantage against the party [they have] chosen to sue." *Mata v. City of Farmington*, 798 F. Supp. 2d 1215, 1242 (D. N.M. 2011); *see Lapka*, 1992 WL 193652, at *2 (ordering plaintiff to answer incriminating questions that they have opened the door on).[5]

      C.      <u>Any Fifth Amendment privilege the Jacobsons have here, they have waived</u>.

Plaintiffs served their discovery responses on January 22, 2020. (*See* ECF No. 46, Ex. 2.) The Jacobsons responded with objections on April 27, 2020 – more than ninety (90) days following service – where, for the first time, the Jacobsons raised the Fifth Amendment privilege. (*See* ECF No. 46, Ex. 3.) These objections were untimely made, and the objections are thus waived.[6] Notably, the Jacobsons were given every opportunity to raise the privilege – and failed to do so. For one, this Court specifically asked the parties to brief the question of expedited discovery and Plaintiffs' Discovery Requests. The waiver here is unequivocal. Their

---

[5] The Jacobsons: have ". . . forced [Plaintiffs] into court . . . [i]f [the Jacobsons] had not brought the action, they would not have been called on to testify . . . [e]ven now, [the Jacobsons] need not testify if they discontinue the action. They have freedom and reasonable choice of action. They cannot use this asserted privilege as both a sword and a shield. [Plaintiffs] ought not be denied a possible defense because [the Jacobsons] seek to invoke an alleged privilege." *Bramble v. Kleindienst*, 357 F. Supp. 1028, 1035 (D. Colo. 1973), *aff'd on other grounds sub nom. Bramble v. Richardson*, 498 F.2d 968 (10th Cir.).

[6] The Rules of Civil Procedure are clear that a responding party must provide objections within thirty (30) days of service. (*See* Fed. R. Civ. P. 33(b)(2) (interrogatories); 34(b)(2)(A) (requests for production).) Subsection 33(b)(4), as it applies to interrogatories, further provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." "A party that fails to serve objections to an interrogatory within 30 days of receipt of the discovery request waives all objections." *Johnsen & Allphin Properties, LLC v. First Am. Title Ins. Co.*, No. 2:12-CV-740-RJS-PMW, 2015 WL 13859142, at *3 (D. Utah Mar. 31, 2015) (interrogatories); *In re United States*, 864 F.2d 1153, 1156 (5th Cir.1989) (requests for production).

waiver applies to the Fifth Amendment privilege. *Maness v. Meyers*, 419 U.S. 449, 466 (1975) (holding that the Fifth Amendment "is not a self-executing mechanism; it can be affirmatively waived, or lost by not asserting it in a timely fashion").[7] Given the above, the Court should treat the Jacobsons' failure to timely object to the Discovery Responses and respond to the previously ordered discovery briefing as a waiver, not only of any Fifth Amendment objections, but also as waiver of their right to request a stay of discovery in total.

      D.      <u>Because there is no Fifth Amendment Privilege, the relevant factors typically considered do not apply</u>.

The Jacobsons ask the Court to consider the factors discussed in *M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05–CV–00605, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006).[8] These factors have never been applied in this Judicial District to a Fifth Amendment privilege asserted *by a plaintiff*. Even so, where the Fifth Amendment (as in this case) cannot properly be invoked, the moving party fails under these factors. *See Orbit Irr. Prod., Inc. v. Sunhills Int'l, LLC*, No. 1:10-CV-00113-RJS, 2012 WL 5397608, at *4 (D. Utah Nov. 2, 2012) (denying motion to stay under Fifth Amendment because corporation had no Fifth Amendment rights and privilege had been waived by earlier testimony); *United States v. Capener*, No. 1:12-CR-00027-DB-EJF, 2013 WL 632110, at *3 (D. Utah Feb. 20, 2013) (defendant who had waived privilege not entitled to stay of discovery); *Tibbs v.*

---

[7] *See* ECF No. 46 at fn. 12 (collecting cases).

[8] *See* Mot. at 6-13 and six factor test: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest."

*Vaughn*, No. 2:08-CV-00787, 2011 WL 5597347, at *3 (D. Utah Nov. 17, 2011) (same); *AIG Life Ins. Co. v. Phillips*, 2007 WL 2116383, at *4 (D. Colo. July 20, 2007) (denying motion to stay as to corporate defendant).

      E.      <u>A stay of discovery is far too broad a brush to apply here</u>.

The stay of a civil proceeding to complete a criminal proceeding represents "an extraordinary remedy" (*Osborn v. Brown*, 2013 WL 1842507, at *1 (D. Utah May 1, 2013)), and there is a "strong presumption against" it (*Bd. of Cty. Comm'rs of Cty. of Adams v. Asay*, 2012 WL 6107949, at *4 (D. Colo. Dec. 10, 2012)). As such, courts typically enter alternatives to a general stay, including sealed interrogatories, or confidentiality and protective order protection over the documents produced, or orders limiting discovery to a specific subject matter. *See discussion Auto-Owners Ins. Co. v. Next Generation Energy, LLC*, 2014 WL 7251678, at *2 (D. Colo. Dec. 19, 2014). Indeed, this Court has already considered this issue by entering a quasi-protective order with respect to the Discovery Requests.[9] Additionally, under the local rules of this Judicial District, a standard protective order applies under which the Jacobsons can designate material as "Confidential" and/or "Attorney's Eyes Only." *See* DUCivR 26-2(a). Further, "the government is not a Plaintiff in this action. This fact weighs against a stay because 'there is no risk that the government will use the broad scope of civil discovery to obtain information for use in the criminal prosecution.'" *Wirth v. Taylor*, 2011 WL 222323, at *2 (D. Utah Jan. 21, 2011); *Tibbs v. Vaughn*, 2011 WL 5597347, at *2 (D. Utah Nov. 17, 2011). A stay of discovery would

---

[9] *See* ECF No. 43 stating that "all materials the Jacobsons produce in response to the previously served discovery requests may only be used in this litigation, meaning the Consolidated Case Number 2:19-cv-00956, including Member Case Number 2:20-cv-00013" and providing that "[a]ny such materials may be filed under seal pursuant to this order."

be disproportionate to the Jacobsons' Fifth Amendment concerns, particularly when more narrowly tailored solutions are available and already in place. *See Osborn v. Brown*, 2013 WL 1842507, at *1 (D. Utah May 1, 2013) (denying stay and noting that defendants may designate their responses confidential pursuant to the protective order in the case).

### III. The Jacobsons' pending motions provide no basis to stay discovery.

The Jacobsons request a stay of discovery on the basis that they have a pending motion to remand in the Member Action. (Mot. 13-14). They ignore that the motion to remand only applies to the Member Action – and has no impact and is simply not relevant to the Initial Action. Further, it is beyond dispute that the Court has jurisdiction over the Initial Action.[10] Hence the Jacobsons' argument that this Court should "determine whether it has jurisdiction before it allows discovery" (Mot. at 13) makes little sense as it applies to the Initial Action. In any event, a pending motion to remand in that matter is insufficient grounds to warrant a stay. *See Colorado ex rel. Suthers v. W. Sky Fin., L.L.C.*, 2011 WL 1771056, at *1 (D. Colo. May 10, 2011) (denying motion to stay discovery pending motion to remand); *see, also, Long v. Aurora Bank, FSB*, 2012 WL 2076842, at *1 (D. Nev. June 8, 2012) (denying stay of discovery pending motion to remand).[11]

---

[10] This Court "has inherent power to enforce its own orders" in the Receivership Action – which is the remedy sought in the Initial Action. *Tuvell v. Prof'l Ass'n of Dive Instructors*, 2015 WL 2454265, at *1 (D. Utah May 22, 2015); *see* 61 A.L.R.2d 1083 ("Receivers [are] entitled to institute civil contempt proceedings for violation of orders issued in the receivership proceeding") (collecting cases).

[11] Some courts will take a "peek behind" a jurisdictional motion, such as a motion to remand to determine if the merits of the motion warrant a stay of discovery. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). Doing so here does not support the Jacobsons' request for a stay. (*See* Opp'n to Mot. for Remand (ECF No. 30).)

Further, to the extent that the existing Discovery Requests relate also to the Member Action, the Jacobsons assert that they "do not address jurisdictional issues" and "would [not] aid in the court's determination of subject matter jurisdiction." (Mot. at 14). They are incorrect. The primary questions of the jurisdiction motions in the Member Action is whether by virtue of the underlying relationship of the Jacobsons' claimed "Confidential Information" to both MSI and the Receivership Action, continuing jurisdiction of this Court is proper. The Discovery Requests go to that very question (*see* ECF No. 46, Ex. 2), which is an obvious threshold inquiry also emphasized by the Court at the December 12 hearing in the Initial Action (*see* ECF No. 46, Ex. 1 at 24:2-25).

The Jacobsons request a stay of discovery on the additional basis that they have a pending motion to dismiss in the Initial Action. (Mot. 13). Absent some extraordinary hardship, a motion to dismiss does not warrant a stay of discovery. *See United States ex rel. Brooks v. Stevens-Henager Coll., Inc.*, 2017 WL 5241002, at *2 (D. Utah June 23, 2017); *Chavez v. Young Am. Ins. Co.*, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) ("It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss."); *see* 4 J. Moore, Federal Practice § 26.70 at 461 ("The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery."). As noted above, a moving party faces a high bar in requesting a discovery stay – and that bar is not met just because there is a pending motion to dismiss.

## **CONCLUSION**

In light of the foregoing, the Court should deny the Jacobsons' request for a stay of discovery.

RESPECTFULLY SUBMITTED this 14th day of May, 2020.

        HOLLAND & HART LLP


        */s/ Doyle S. Byers*
        David K. Broadbent
        Doyle S. Byers
        Cory A. Talbot
        Nathan Archibald
        *Attorneys for Plaintiffs and Consol. Defendants*
        *Gil A. Miller as Court-Appointed Receiver,*
        *David A. Bateman and Rocky Mountain Advisory*
        *LLC, in their capacities as Court-Appointed*
        *Professionals*

14585653_4