SAMUEL ALBA (0031)
RODNEY R. PARKER (4110)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GIL MILLER, not individually, but in his capacity as Court-appointed receiver; DAVID N. BATEMAN, not individually, but in his capacity as Court-appointed receiver; ROCKY MOUNTAIN ADVISORY, LLC, a Utah limited liability company, not individually, but in its capacity as Court-appointed receiver,<br><br>   Plaintiffs,<br><br>  v.<br><br>WENDELL JACOBSON, and ALLEN JACOBSON,<br><br>   Defendants. | REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY<br><br>Consol. Case No. 2:19-CV-956-BSJ<br><br>(Member Case No. 2:20-cv-0013-BSJ) |

## **ARGUMENT**

 I. A STAY PENDING THE OUTCOME OF THE STATE CRIMINAL PROCEEDINGS IS NECESSARY TO PROTECT THE JACOBSONS' FIFTH AMENDMENT RIGHTS

RMA argues that the court should not stay discovery to protect the Jacobsons' Fifth Amendment rights because 1) corporations cannot invoke the Fifth Amendment; 2) the

Fifth Amendment cannot be used as a sword in civil litigation; 3) the Jacobsons waived their rights to assert the Fifth Amendment; and 4) the factors supporting a stay that the Jacobsons argued do not apply because there is no Fifth Amendment to protect here. None of these arguments has merit.

A. <u>The Fifth Amendment applies to the Jacobsons</u>

RMA cites various cases which stand for the proposition that a *corporate defendant* cannot invoke the Fifth Amendment. The issue here, however, is protection of the Jacobsons' Fifth Amendment privileged in this case—a privilege they, as criminal defendants in state court, clearly possess. Whether or not MSI has or had a privilege is not the issue because MSI is not a party to this action or to the state criminal action.

Further, the Jacobsons are not mere "corporate custodians" of information belonging to MSI for the purposes of this lawsuit. As set forth in the Jacobson's motion to stay discovery, the State's prosecution of the Jacobsons arose from the same facts, the very same conduct and transactions, for which the SEC was investigating them, for which the Jacobsons hired RQN (including the criminal defense team) and for which RQN engaged RMA to perform confidential, defense consulting services on behalf of the Jacobsons. The judge in the state criminal proceedings has already ruled that "[u]nder the terms of their retention agreement, [RMA] are obligated to keep strictly confidential the nature and content of communications that were made solely for the purpose of assisting RQN in its representation of MSI *and the Jacobsons*," and that "[t]he formal confidential relationship that existed between RQN and RMA *for the joint benefit of MSI and the Jacobsons* related to the same body of information that is the subject of the criminal prosecution of the Jacobsons." November 14, 2017 Findings of Fact and Conclusions of Law, *State of*

*Utah v. Wendell A. Jacobson and Allen Jacobson,* Case Nos. 151907103FS and 151907105FS, Third Judicial District Court, Salt Lake County, State of Utah (emphasis added). RMA's violation of its contractual, legal, and ethical duties *to the Jacobsons* (not to MSI) are what form the basis of this lawsuit.

> B. <u>The Jacobsons are not plaintiffs in the Initial Action which RMA issued its discovery requests in.</u>

RMA takes contradictory and expedient positions with respect to who the plaintiff is in this action. On the one hand, RMA argues that the Court should not stay discovery pending a ruling on the Jacobsons' motion to remand the consolidated action to state court, because RMA issued its discovery requests in the initial action where it is the plaintiff. *See* [Dkt. No. 46](#), p. 3 ("Plaintiffs served discovery requests on the Jacobsons in the initial matter . . . ."); [Dkt. No. 47](#) p. 9 ("the motion to remand only applies to the Member Action—and has no impact and is simply not relevant to the Initial Action."). Yet, on the other hand, RMA makes the contradictory argument that the Jacobsons cannot invoke the Fifth Amendment as a "sword" in response to the discovery requests RMA issued as plaintiffs in the initial matter, because they characterize the Jacobsons as the "plaintiffs" who have forced RMA into court. [Dkt. No. 47](#), p. 6.

As the Jacobsons explained in their motion to stay discovery, the timing of the Jacobsons' state court complaint against RMA was based on statute of limitation considerations and the expiration of a tolling agreement. It is RMA who forced the Jacobsons into proceedings before this court, and it is RMA that is seeking to expedite discovery in the action it filed. Thus, for the purposes of the motion to stay discovery, the Jacobsons are the defendants. The Jacobsons have properly asked the Court to stay discovery to protect

their Fifth Amendment rights, not to use these rights as a sword against RMA in the litigation.

      C.  <u>The Jacobsons did not waive their rights to assert the Fifth Amendment or to raise other objections in response to RMA's discovery requests</u>

RMA purported to serve premature discovery requests on the Jacobsons on January 22, 2020, which was two days before the Jacobsons had even accepted service of RMA's complaint. (*See* Dkt. No. 17). Those early discovery requests were improper under Rule 26(d), which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1). Pursuant to Rule 26(d)(2), RMA's discovery requests were not considered to have been served on the Jacobsons until the parties conducted their first Rule 26(f) conference; or the court ordered otherwise.

The court did not enter an order authorizing RMA to conduct early discovery until it entered its order granting early discovery on April 7, 2020. (Dkt. No. 43). This order stated that the Jacobsons "must respond within twenty days to [RMA's] previously served discovery requests." The Jacobsons complied with this order and responded to RMA's discovery requests on April 27, 2020. The Jacobsons' response fully complies with Fed. R. Civ. P. 33, 34, and 36, which expressly permit, and indeed require the party responding to discovery requests to include objections to the requests with the response. There is therefore no basis for RMA to argue that the Jacobsons waived their objections to RMA's discovery requests by not responding to them earlier.

D. <u>RMA did not address or dispute the factors which weigh heavily in favor of staying discovery to protect the Jacobsons' Fifth Amendment rights</u>.

RMA failed to address any of the factors that this court should consider when determining whether to stay discovery to protect a defendant's Fifth Amendment rights; and failed to dispute the Jacobsons' arguments demonstrating that these factors weigh heavily in favor of staying discovery in this case. Instead, RMA merely repeated its arguments (which are incorrect for the reasons discussed above) that the Fifth Amendment cannot be invoked by a corporation, and that the right to invoke the Fifth Amendment in this case has been waived. The court should therefore grant the Jacobsons' motion and enter an order staying discovery for the unrebutted reasons set forth in detail in the Jacobsons' motion.

II. THE COURT SHOULD DECIDE WHETHER IT HAS JURISDICTION BEFORE IT PERMITS DISCOVERY ON THE MERITS TO PROCEED.

The Jacobsons have moved the court to dismiss RMA's complaint ([Dkt. No. 44](#)) and to remand member case no. 2:20-cv-0013 back to state court ([Dkt. No. 26](#)) for lack of subject matter jurisdiction. RMA argues that these pending jurisdictional motions are insufficient grounds to warrant a stay of discovery, yet none of the cases RMA cited actually supports its argument.

RMA first cites [*Colorado ex rel. Suthers v. W. Sky Fin., L.L.C.*, 2011 WL 1771056 (D. Colo. May 10, 2011)](#) and [*Long v. Aurora Bank, FSB*, 2012 WL 2076842 (D. Nev. June 8, 2012)](#) for the proposition that "a pending motion to remand [] is insufficient grounds to warrant a stay." Neither of these cases supports RMA's position; in fact, they both support the Jacobsons' request for a stay.

In *Suthers*, the plaintiffs asked the court to stay discovery pending a ruling on a motion for remand they *anticipated filing in the future*. 2011 WL 1771056 at *1. In analyzing this request, the court noted that it had discretion to stay discovery, and that "a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved." *Id.* (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010) (alteration in original quotation restored)). However, the court concluded that it was not persuaded to enter a stay "based solely upon speculation that a motion to remand will be filed and/or granted." *Id.* *Suthers* is easily and obviously distinguished from this case, because the Jacobsons' motion for remand is already filed and pending. The Jacobsons' challenge to this court's subject matter jurisdiction is precisely the sort of challenge that the *Suthers* court stated would be wise to resolve before permitting discovery on the merits to proceed.

In *Long*, the court was faced with a motion to stay discovery pending a ruling on a motion to remand. 2012 WL 2076842 at *1. The court similarly began its analysis by noting that it had discretion to enter a stay, and that "[g]enerally, a pending dispositive motion is not a 'situation that in and of itself would warrant a stay of discovery' *unless jurisdiction, venue, or immunity are preliminary issues.*" *Id.* (citation omitted, emphasis added). The court took a "preliminary peek" at the motion to remand to determine whether it raised the sort of preliminary issues (jurisdiction, venue, or immunity) that would warrant a stay of discovery. *See id.* However, the court concluded that a stay was

not warranted because the motion to remand raised "disingenuous" arguments challenging the amount in controversy to support diversity jurisdiction, which was easily determined to exceed $75,000 from the face of the complaint. See [id.](#) Thus, [Long](#) actually supports the Jacobsons' request for a stay, because it stands for the proposition that it is appropriate to stay discovery pending resolution of a motion to remand that raises a legitimate challenge to the court's subject matter jurisdiction.

RMA next argues that the Jacobsons' pending motion to dismiss the initial action for lack of subject matter jurisdiction does not warrant a stay of discovery. However, once again, the authorities RMA cited do not support its argument.

RMA cites the case of [Brooks v. Stevens-Henagar Coll., Inc., 2017 WL 5241002 (D. Utah June 23, 2017)](#). In that case, the defendant asked the court to stay discovery pending a ruling on a *motion to reconsider* the court's denial of a prior motion to dismiss. [Id. at * 1](#). The court noted that it had discretion to stay discovery, and that the defendants relied on case law supporting a stay of discovery during the pendency of a motion to dismiss. See [id.](#) However, in denying a stay, the court concluded that the defendants' arguments "have less force when the pending motion is one for reconsideration." [Id.](#) *Brooks* is obviously distinguished from this case, because the Jacobsons have filed a motion to dismiss, not a motion for reconsideration.

RMA next cites [Chavez v. Young Am. Ins. Co., 2007 WL 683973 (D. Colo. Mar. 2, 2007)](#). In [Chavez](#), the defendant in a purported class action sought to stay discovery pending a ruling on what the court described as a "run-of-the-mill motion to dismiss for failure to state a claim under Rule 12(b)(6)." [Id. at * 1, 3](#). Critically, the motion to dismiss

did not challenge the court's subject-matter jurisdiction. *See* [id.](#) The court noted that it had discretion to stay discovery, and analyzed five factors to determine whether it was appropriate to do so—ultimately concluding that, in that case, it was not. *See* [id.](#) *[Chavez](#)* is inapplicable to this case, because it did not involve a dispositive motion challenging the court's subject-matter jurisdiction.

Finally, RMA cited 4 J. Moore, Federal Practice § 26.70 for the proposition that "[t]he intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery." This authority, like the others that RMA cited, refers to run-of-the-mill Rule 12(b)(6) motions—not those raising important preliminary issues such as the court's lack of subject-matter jurisdiction.

RMA has not addressed the cases that the Jacobsons cited from both the United States Supreme Court and the Tenth Circuit which strongly support their request for a stay pending this court's ruling on their motion to dismiss and motion to remand, both of which challenge this court's subject-matter jurisdiction. *See [U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.,](#)* 487 U.S. 72, 79-80 (1988); *[Donelson v. United States Through Dep't of the Interior,](#)* 730 F. App'x 597, 603 (10th Cir. 2018). The court should therefore grant the Jacobsons' motion to stay discovery for the reasons set forth in their motion.

### **CONCLUSION**

For these additional reasons, the Jacobsons request that the court rescind its April 7, 2020 order granting early discovery ([Dkt. No. 43](#)) and enter an order staying discovery, initially, until the Jacobsons' motion to dismiss ([Dkt. No. 44](#)) and motion for remand ([Dkt. No. 26](#)) are resolved. If the court concludes that it has jurisdiction after hearing

these motions, it should modify the stay to keep it in place until the criminal proceedings against the Jacobsons have concluded.

DATED: May 28, 2020.

SNOW, CHRISTENSEN & MARTINEAU

By _____
Rodney R. Parker
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2020, a copy of the foregoing REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY was filed and served via electronic notification through the CM/ECF system on the following:

>David K. Broadbent
>Doyle S. Byers
>Cory A. Talbot
>Nathan Archibald
>**HOLLAND & HART LLP**
>222 S MAIN ST STE 2200
>SALT LAKE CITY, UT 84101
>(801) 799-5800
>dbroadbent@hollandhart.com
>dsbyers@hollandhart.com
>catalbot@hollandhart.com
>narchibald@hollandhart.com

/s/ Kim Renak

4835-8914-3229, v. 2